**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

JEFFREY WEINMAN, as Trustee for the
Integra Unsecured Creditors' Trust,

    Plaintiff,

        v.

FIDELITY CAPITAL APPRECIATION
FUND, *et al.*,

    Defendant.

No. 04 C 5721
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

**I.    BACKGROUND**

In July 1992, a company called Integra Realty Resources, Inc. ("Integra") filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Colorado. Several years earlier, Integra had distributed shares of ShowBiz Pizza Time, Inc. to its shareholders. Mr. Mollison, the movant here, received 536 shares of ShowBiz stock in that distribution. On July 11, 1994, Integra's unsecured creditors, represented by a Trust naming Jeffrey A. Weinman as its Trustee, filed a lawsuit as part of the Bankruptcy proceeding claiming that Integra's distribution of ShowBiz stock prior to the bankruptcy was a "fraudulent transfer" and/or an "unlawful dividend." The Trustee named over 800 defendants individually, and as representatives of a defendant class-action. The Trustee asked the Bankruptcy Court to enter an order pursuant to Fed. R. Bankr. P. 7023, which incorporates Fed. R. Civ. P. 23(b)(1), certifying a defendant class consisting of all persons or entities that were the beneficial recipients of the December 1988 transfer of shares of ShowBiz stock from Integra. In a February 8, 1995 order, the Bankruptcy Court certified the defendant class. In 1995, the United States District Court for

the District of Colorado withdrew the reference of this adversary proceeding to the bankruptcy court. In September 1999, judgment was entered in the District Court against the defendant class. In particular, judgment was entered against Mr. Mollison in the amount of $3,752.00 plus post-judgment interest accruing at the rate of 5.285% per annum. In 2004, the judgment was registered in this Court pursuant to 28 U.S.C. § 1963.

Mr. Mollison argues that this action should be dismissed because the rendering court lacked *in personam* jurisdiction over him.[1] He styles his motion as a Motion to Vacate and Strike Foreign Judgment for Want of Jurisdiction, yet I am treating it as a motion filed under Fed. R. Civ. P. 60(b). For the reasons outlined below, his motion is denied.

## II. DISCUSSION

It is proper to enforce the District of Colorado Court's judgment against Mr. Mollison in this Court. First, I find that the question of jurisdiction was fully and fairly litigated and finally decided in the prior proceeding. Thus, it would be improper to permit Mr. Mollison to collaterally attack that ruling here. In addition, I conclude that the Colorado court did, in fact, have *in personam* jurisdiction over Mr. Mollison.

    A.    *The Issue Was Decided by the Rendering Court Fully, Finally, and On the Merits*

The general rule is that when a judgment is entered in any United States court and registered in another, that judgment "shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963. In the Seventh Circuit, if one party seeks to modify or annul a judgment that is registered under § 1963,

---

[1] Mr. Mollison also argues that venue was improper in the original action, that there was no subject matter jurisdiction in the original action, and that the original judgment has expired. Those arguments all lack merit.

that party must present the motion to the rendering court. *See Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1034 (7th Cir. 2000). Of course, an exception to that rule exists if the party seeks to have the judgment set aside because the rendering court lacked jurisdiction. *See Adam v. Saenger*, 303 U.S. 59, 62 (1938); *In re Joint Eastern & Southern Districts Asbestos Litigation*, 22 F.3d 755, 762 n.15 (7th Cir. 1994). The exception notwithstanding, "principles of issue preclusion would prevent *re*-litigation of the jurisdictional question in other courts of registration." *Elite Erectors, Inc.*, 212 F.3d at 1034 (emphasis added). This discussion can be distilled down to the following points: (1) jurisdiction can be attacked in the registering court if the issue of jurisdiction was not litigated in the rendering court; but (2) if jurisdiction *was* decided fully, fairly, and on the merits by the rendering court, then collateral estoppel principles preclude parties from even challenging jurisdiction before the registering court.

In this case, the issue of *in personam* jurisdiction over members of the defendant class was fully and finally litigated in the rendering court. Accordingly, Mr. Mollison may not collaterally attack that decision here.[2] The Bankruptcy Court expressly confronted the issue and concluded that it could exercise personal jurisdiction, even over those members of the defendant class that did not have contacts with the State of Colorado. In addition, the case was appealed, and ultimately the Tenth Circuit affirmed both the Bankruptcy Judge's decision to certify the defendant class and the final judgment. *See In re Integra Realty Resources, Inc.*, 354 F.3d 1246 (10th Cir. 2004). The Tenth Circuit panel specifically found that the notice given to the

---

[2] Also, even if the issue had not been fully and fairly litigated in Colorado, Mr. Mollison's collateral attack in this Court would fail. *See infra*, Section II-B.

3

defendant class members satisfied due process. *Integra*, 354 F.3d at 1260-61. The court did note that it was "cognizant of the concern that, in some isolated instances, individual class members may have a judgment entered against them without having received actual notice of the opportunity to raise objections or individual defenses before the expiration of the deadline for doing so." *Id.* at 1261. The court upheld the lower court's ruling nevertheless, though, in part because the court contemplated circumstances in which "individual class members may challenge the binding effect of the settlement as to themselves in a collateral action." *Id.* (internal quotation omitted).

At bottom, both the Bankruptcy Court and the Tenth Circuit considered the due process concerns associated with approving the defendant class here.[3] Nevertheless, both courts were satisfied with the protections afforded by the notice procedures and the adequacy of the representation. Even though this was a mandatory defendant class under Fed. R. Civ. P. 23(b)(1)(B), the fact that both the Bankruptcy Court and the Tenth Circuit concluded that the class was adequately represented is sufficient for due process purposes. *See Hansberry v. Lee*, 311 U.S. 32, 43 (1940).

In addition, the Tenth Circuit stressed that "unlike the typical class action damage case, where the individual circumstances of each class member are typically of material importance, it is virtually never the case that the proceeds of a single fraudulent transfer or unlawful dividend would be recoverable from one defendant shareholder but not from another." *Integra*, 354 F.3d at 1265 (internal quotations omitted). This supports the conclusion that certifying the class was

---

[3]At its essence, personal jurisdiction is a due process principle. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("The requirement that a court have personal jurisdiction flows . . . from the Due Process Clause.").

proper because in this type of action there are no unique arguments that any single defendant could raise that would yield a different result for that defendant. In fact, one might argue that certifying the defendant class actually *benefitted* the class members because it enabled their interests to be represented while sparing them the expense of hiring counsel and appearing.[4] The Bankruptcy Court certified the class and the Court of Appeals ratified that decision. Because these issues were fully litigated and finally decided by the rendering court, Mr. Mollison's jurisdictional attacks are not properly considered here.

The propriety of this outcome is buttressed by the Seventh Circuit's decision in *Fuhrman v. Livaditis*, 611 F.2d 203 (7th Cir. 1979). In *Fuhrman,* the plaintiff brought a suit based on diversity of citizenship in the Northern District of Iowa. 611 F.2d at 203. After the defendant failed to appear, a default judgment was entered. *Id.* at 204. Then, pursuant to § 1963, the plaintiff registered the default judgment with the Northern District of Illinois. *Id.* Thereafter, the defendant filed a Rule 60(b) motion for relief from judgment, arguing that personal jurisdiction was lacking in the rendering court. *Id.* The registering court—recognizing that the motion was more properly heard before the rendering court—denied the defendant's motion. *Id.* The Seventh Circuit affirmed, holding that the registering court's decision to defer to the rendering court was not an abuse of discretion. *Id*. at 205. If it was proper for the registering court to deny Defendant's motion for a lack of *in personam* jurisdiction in *Fuhrman*—a diversity action—then

---

[4]Again, this only applies because of the type of action here. Because the unsecured creditors were alleging a fraudulent transfer, the focus was on the company's stock distribution—not the actions of any of the recipients. Therefore, disposition of the suit was necessarily going to be the same for, say, Shareholder number 1 as it would be for Shareholder number 746.

*a fortiori* it is proper for me to deny Mr. Mollison's motion here (where the defendant's attacks on jurisdiction in the rendering court are far more tenuous).[5]

> B.   *The District Court in Colorado Did Have* In Personam *Jurisdiction Over Mr. Mollison*

The Bankruptcy and District Courts in Colorado properly exercised personal jurisdiction over Mr. Mollison. That conclusion notwithstanding, it seems apparent that Mr. Mollison did not have sufficient minimum contacts with the State of Colorado for a Colorado state court to exercise personal jurisdiction over him for an ordinary action unrelated to Colorado.[6] That is to say, if, for example, Mr. Mollison and a Colorado citizen were to get into a car accident in Illinois, it does not appear as though the Colorado citizen would be able to sue Mr. Mollison in a Colorado state court. With that said, the question is upon what basis could the rendering court in this action conclude that it could exercise personal jurisdiction over Mr. Mollison.

In this case, Mr. Mollison was an unnamed class member in a defendant class-action. In a 1985 decision, the United States Supreme Court considered the interplay between *in personam* jurisdiction and the class-action device. *See Phillips Petroleum Company v. Shutts*, 472 U.S. 797 (1985). In *Shutts*, the defendant in a traditional plaintiffs' class-action argued that unless out-of-state plaintiffs affirmatively consent, a State court may not exert jurisdiction over their claims.

---

[5]Although in *Fuhrman*, the registering court specified that the defendant could present his motion to the rendering court. 611 F.2d at 204. Mr. Mollison may be able to take advantage of a similar opportunity here. *See infra*, Section II-C.

[6]Mr. Mollison filed an affidavit in which he asserted that "he was never personally served with a summons and complaint in the United States Bankruptcy Court in the District of Colorado . . . or in the United States District Court in the District of Colorado." He further states that "he has never resided in the State of Colorado, [and] that he has never had an office nor has he ever done business in any form in the State of Colorado . . . ."

6

*Shutts*, 472 U.S. at 806. That is, the defendant argued that a state court could only exercise jurisdiction over unnamed class-action plaintiffs if those plaintiffs had sufficient minimum contacts with the forum state. *Id.* The Court rejected that argument, holding that "a forum State may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant." *Id.* at 811. Then-Justice Rehnquist, writing for the Court, reasoned that "a class-action plaintiff is not required to fend for himself . . . . The court and named plaintiffs protect his interests." *Id.* at 809. He went on to note that class-action plaintiffs "need not hire counsel or appear." *Id.* at 810. The Court summed up the basis for its conclusion by saying "an absent class-action plaintiff is not required to do anything. He may sit back and allow the litigation to run its course, content in knowing that there are safeguards provided for his protection." *Id.*

The facts of this case are distinguishable from *Shutts* in two principal ways. First, *Shutts* involved a class-action proceeding in a state court, whereas the proceedings here occurred in a federal court. Even more importantly, the action in *Shutts* was a traditional plaintiff class-action, whereas the action here involved a defendant class. While it could be argued that the reasoning in *Shutts* could support the imposition of *in personam* jurisdiction over unnamed defendants in a defendant class-action, the *Shutts* court explicitly stated that its discussion of personal jurisdiction did not address class-actions where the jurisdiction is asserted against a defendant class. *Shutts*, 472 U.S. at 812 n.3. Accordingly, the holding in *Shutts* provides only shaky support, at best, for the proposition that the rendering court in this matter could exercise *in*

7

*personam* jurisdiction over Mr. Mollison because he was an unnamed member of a defendant class.[7]

However, the rendering court neither needed to, nor did it in fact rely on a *Shutts*-like argument to support its assertion of *in personam* jurisdiction here. The Bankruptcy Court expressly confronted whether it could exercise personal jurisdiction over defendants who did not have substantial contacts with the State of Colorado. The Court determined that it could, stating that:

> it is the nationwide service of process rule which gives this Court jurisdiction to hear those actions involving parties without significant contacts in Colorado. Of course, the Court will consider all appropriate motions to dismiss for lack of jurisdiction over those defendants who contend that the jurisdictional test has not been met for them.

*In re Integra Realty Resources, Inc.*, 179 B.R. 264, 268 (Bankr. D. Colo. 1995).

The original complaint in this case sought relief pursuant to several provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 105, 544, 550, 1123, and 1145. *See In re Integra Realty Resources Inc.*, 354 F.3d 1246, 1254 (10th Cir. 2004). Nationwide service of process is established here by Bankruptcy Rule 7004(d). The rendering court was exercising its federal question jurisdiction. The result, for purposes of establishing personal jurisdiction, is clear: Mr. Mollison's contacts, or lack thereof, with the State of Colorado (*see supra* note 6), are irrelevant. That is because the sovereign exercising its authority over Mr. Mollison is the United States, not the State of Colorado. *See Lisak v. Mercantile Bancorp, Inc.*, 834 F.2d 668, 671 (7th Cir. 1987)

---

[7]The foregoing discussion should not be read as expressing a view—one way or the other—regarding whether a federal court sitting in diversity and presiding over a defendant class-action can assert *in personam* jurisdiction over members of a defendant class that do not have minimum contacts with the forum state. In light of the discussion below, I need not and do not resolve that precise question here.

(federal court in federal question case implements national, not state, policy); *Fitzsimmons v. Barton*, 589 F.2d 330, 333 (7th Cir. 1979) ("Here the sovereign is the United States, and there can be no question but that the defendant, a resident citizen of the United States, has sufficient contacts with the United States to support the fairness of the exercise of jurisdiction over him by a United States court.").

Courts have consistently held that minimum contacts with the state are irrelevant when—as was the case in the rendering court—federal question bankruptcy jurisdiction exists. *See In re Rusco Indus., Inc.*, 104 B.R. 548, 551 (Bankr. S.D.Ga. 1989); *In re K O Trucking Co.*, 99 B.R. 78, 80 (N.D. Ala. 1988); *Wieboldt Stores, Inc. v. Schottenstein*, 94 B.R. 488, 497 (N.D. Ill.1988); *In re Sonnyco Coal, Inc.*, 89 B.R. 658, 669 (Bankr. S.D. Ohio 1988); *In re GEX Ky., Inc.*, 85 B.R. 431, 434 (Bankr. N.D. Ohio 1987); *In re Outlet Dep't Stores, Inc.*, 82 B.R. 694, 699 (Bankr. S.D.N.Y. 1988). To be sure, Mr. Mollison has sufficient contacts with the United States to be subject to the Bankruptcy Court's and the District Court's *in personam* jurisdiction. Also, the fact that the District Court in Colorado withdrew the reference of this adversary proceeding does not alter the analysis. *See Diamond Mortg. Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1242 (7th Cir. 1990).

Mr. Mollison's assertion that the judgment cannot be enforced against him because he was never formally served also fails. In the class-action context, "non-party members of the class need not be brought personally before the Court, as long as the requirements of due process—in this context, primarily notice and representativeness of named class members—are afforded them. *United States v. Trucking Emp., Inc.*, 72 F.R.D. 98, 99 (D.D.C. 1976) (*citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Supreme Tribe of Benhur v. Cauble*,

255 U.S. 356 (1921); *Hansberry v. Lee*, 311 U.S. 32 (1940)). In addition, the Tenth Circuit—relying on *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)—rejected the defendants' argument that all of the members of the defendant class are entitled to actual notice before they can be bound to a judgment. *Integra*, 354 F.3d at 1260. Both the Bankruptcy Court and the Tenth Circuit concluded that the notice procedures and the adequacy of the representation of the defendant class were sufficient for due process purposes.

In sum, I conclude that the Bankruptcy and District Courts in Colorado properly exercised *in personam* jurisdiction over Mr. Mollison.

C. *Stay the Proceedings*

I have determined that the issue of jurisdiction was fully and fairly litigated in the rendering court. In addition, I have found that jurisdiction was, in fact, properly exercised. Nevertheless, I might be willing to consider staying this proceeding to permit Mr. Mollison an opportunity to raise his objections with the rendering court. The Bankruptcy Court in Colorado stated that it would "consider all appropriate motions to dismiss for lack of jurisdiction over those defendants who contend the jurisdictional test has not been met for them." *Integra*, 179 B.R. at 268. Moreover, the Tenth Circuit did contemplate that there might be circumstances in which "individual class members may challenge the binding effect of the settlement as to themselves in a collateral action." *Integra*, 354 F.3d at 1260-61 (internal quotation omitted). Accordingly, should Mr. Mollison be interested, I would be willing to entertain a motion to stay these proceedings for a limited time to give him an opportunity to address his concerns to the District Court in Colorado.

### III. CONCLUSION

For the aforementioned reasons, Mr. Mollison's motion to dismiss this action—one brought to enforce the judgment entered in Colorado—based upon infirmities in the original proceeding, is DENIED.

ENTER:

_James B. Zagel_
James B. Zagel
United States District Judge

DATE: March 18, 2008